## HOISINGTON *v.* GRIMSHAW.

*Water Right.      Construction of Grant of Water.*

S., while owning the premises now owned by plaintiff and defendant in severalty, and residing upon that portion thereof now owned by defendant, conveyed plaintiff's portion thereof, with " the right to take water at our cistern at or near where it now is, when there is water in said cistern." At the time of said grant, water was supplied to said cistern by means of a pipe laid from a spring, and no other water came to S's place, and it was not contemplated that any other would be

brought. Said cistern was subsequently moved from the back room of the house to the outside of the house, and plaintiff took water from it as before. Defendant afterwards brought water from another spring into a new cistern that he put into the back room where the old one stood. Water froze in the pipe that supplied the old cistern, and no water ran therefrom into said cistern. *Held,* that said grant did not entitle plaintiff to water from the new cistern.

This action was referred, and at the May Term, 1874, the court, BARRETT, J., presiding, rendered judgment on the report for the defendant; to which the plaintiff excepted. The case appears from the opinion.

*Gilbert A. Davis,* for plaintiff.

*J. F. Deane,* for defendant.

The opinion of the court was delivered by

PIERPOINT, Ch. J. On the 15th of August, 1870, Philander Sherwin, who then owned the premises which are now owned by both plaintiff and the defendant, conveyed the premises now owned by plaintiff to one Charles D. Brink. That deed, after describing the premises conveyed, contained the following words : " Granting also the right to take water at our cistern at or near where it now is, when there is water in said cistern." Brink afterwards conveyed the same premises to the plaintiff, with a like provision as to the water. The plaintiff continued to take water from said cistern up to December, 1872. In the meantime, said Sherwin and his widow continued the owners of the premises, and at the time the deed was executed to said Brink, the said cistern stood just inside a back or store room adjoining said Sherwin's house, and remained in the same position until November, 1872, when Mrs. Sherwin moved the cistern just enough to place it outside the building in which it stood, and then conducted the water into it as before, built a covering over it so as to protect it, and give the plaintiff as ready and convenient access to it as he had before. The defendant purchased the half of another spring some 100 rods distant, and in connection with Mrs. Sherwin, brought the water to her house, put another cistern in the place where the old one was, and conducted the water into that. In

December, 1872, the defendant married Mrs. Sherwin, and took possession of the said premises occupied by her. Some time in said December, the water in the pipes leading to the old cistern froze so that no water ran into the cistern ; the plaintiff then claimed the right to take water from the new cistern under his deed. This right the defendant denied, and prevented the plaintiff's exercise of it, and the question now is as to the plaintiff's right to take the water as claimed. In determining this question, we must take into consideration the situation of the parties, the surrounding circumstances, and the subject-matter, as they existed at the time, and from these, in connection with the language used in the deed, ascertain what the intention of the parties was, for it is that intention by which we are to be governed. That the parties contemplated that there might be some change in the location of the then existing cistern, is indicated by the words, " at or near," as used in the grant ; and it may fairly be supposed that the change contemplated was such as was actually made by plac· ing the cistern outside the building, as that required a removal of but little more than its diameter. At that time there was no other cistern on the place, and no other water came to the place, and neither party, so far as the case shows, at that time contemplated that any other water would be brought to the place. Hence, we think that all that the parties intended was, to secure substantially the same facilities for obtaining water by the grantee that then existed, provided the supply remained the same ; and if the supply diminished or failed, that contingency was provided for.

The report does not show, and it is not claimed, that the change in the location of the cistern, or that any act or omission on the part of the defendant, has in any respect lessened or interfered with the right of the plaintiff to obtain the water as he had been accustomed to do prior to the time when the defendant introduced into his house the water from the spring that he subsequently purchased. The grantor in the deed did not in any way ·obligate himself to keep the water running into the cistern referred to, nor to use water from that cistern. There is no intimation in the report nor in the argument, that the defendant has interfered with, or objected to, the plaintiff's doing all that was necessary to

keep the water running into the cistern ; and there is nothing to show that there was any more difficulty in keeping it running in consequence of the change in the location.

The defendant having supplied himself with water from another source, yielded to the plaintiff the exclusive use of the water in the old cistern, which is more than was contemplated by the parties to the deed, and especially so, as it appears that the supply was frequently short, and sometimes failed entirely.

The question recurs, does the deed give to grantee, under the circumstances developed in this case, the right to take water from the new cistern, the same as he had the right to take it from the old. We think not. The fact that the new cistern stands where the old one was, can make no difference, as the location of the old one was changed in accordance with the terms of the deed. The case then stands the same as it would if the position of the old cistern had not been changed, and the defendant had put in a new one near by. The plaintiff having the right to use water from the old one, if we say he also has the right to use from the new one, we materially enlarge the grant beyond what the parties to the deed understood and intended it to mean. If the defendant had taken up the old cistern, and cut off the water so that the plaintiff could not supply himself from that, and put in a new cistern and supplied it from another source, and had prevented the plaintiff's using water from it, the case might have merited a different consideration. But as it is, we think the defendant has done nothing of which the plaintiff has the legal right to complain.

Judgment affirmed.